UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEYB FLIKSHTEYN and
ZEMFIRA FLIKSHTEYN,

           Plaintiff(s),

vs.

CITIMORTGAGE INC,

           Defendant(s).
_____/

Case No.  11-12164

HON.  GEORGE CARAM STEEH

ORDER DENYING DEFENDANT'S MOTION TO DISMISS [DOC. 16]
AND ALLOWING PLAINTIFFS TO FILE SECOND AMENDED COMPLAINT

Plaintiffs bring this consumer lending case based on a loan currently being serviced by defendant.  Plaintiffs allege breach of contract, violation of the Michigan Regulation of Collection Practices Act ("MRCPA"), and violation of the Real Estate Settlement Procedures Act ("RESPA").  The complaint was filed in this court pursuant to federal question jurisdiction on the RESPA claims, and supplemental jurisdiction on the state law claims.  Defendant filed a motion to dismiss for failure to state any claims upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).  For the reasons that follow, defendant's motion is DENIED.

FACTUAL BACKGROUND

On January 31, 2001, plaintiffs closed a loan in the amount of $114,000.00 for the purchase of real property located at 6483 Kings Pointe Road, Grand Blanc, Michigan.  Defendant is the servicer of the loan.  On July 30, 2009, plaintiffs sought a modification of the loan, and signed a temporary, trial payment plan ("Trial Plan").  Plaintiffs made payments pursuant to the Trial Plan, but were informed on December 15, 2009 that they did not qualify for a mortgage modification because their "current

Housing To Income ratio did not exceed 31%".

Plaintiffs filed their complaint on May 17, 2001, and after receiving leave of the court they filed a first amended complaint on September 21, 2011.  Attached to their response to defendant's motion to dismiss, plaintiffs include a proposed second amended complaint.

## LEGAL STANDARD

Rule 12(b)(6) allows the Court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted.  Under the Supreme Court's articulation of the Rule 12(b)(6) standard in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554-56 (2007), the Court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims.  "[N]aked assertions devoid of further factual enhancement" are insufficient to "state a claim to relief that is plausible on its face".  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  To survive a Rule 12(b)(6) motion for dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Bell Atlantic, 550 U.S. at 555) (citations and quotations omitted).  Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Id. (citing Bell Atlantic, 550 U.S. at 555).

ANALYSIS

I. Breach of Contract

Plaintiffs, who contend that they were current with their payments at the time they signed the Trial Plan, assert two breach of contract claims. In Count I, plaintiffs allege that defendant breached the "mortgage agreement Section 1 by holding on to payments without applying them or returning them to Plaintiffs; Section 2 by misapplying payments . . . in May 2010 by applying the payments improperly; Section 9 by failing to honor the word payable and not offer to Plaintiffs the option of paying escrow at maturation of the agreement with interest." Proposed Second Amended Complaint, ¶ 129. Plaintiffs allege damages including lost opportunity costs of having money held by defendant for a long period of time, and due to defendant charging amounts not authorized by the mortgage agreement. Proposed Second Amended Complaint, ¶ 132.

In Count II, plaintiffs allege a breach of the Trial Plan. While plaintiffs generally allege that "Defendant has failed to perform according to the Trial Period Plan under Exhibit C, p. 2", they include more specific allegations of breach in the factual allegations section of the complaint. Proposed Second Amended Complaint, ¶ 140, 38-41. For instance, plaintiffs allege that although they were current on their payments according to the Trial Plan, defendants failed to immediately credit the oldest delinquent monthly payment on plaintiffs' loan in full as promised under the terms of the Trial Plan. Proposed Second Amended Complaint, ¶ 38. The failure to immediately credit payments is alleged to have caused plaintiffs' damages, Proposed Second Amended Complaint, ¶ 41, including informing plaintiffs they were in default, Proposed Second Amended Complaint, ¶ 51, and informing credit reporting agencies that plaintiffs were "Paying under a Partial Payment Agreement." Proposed Second Amended Complaint,

3

¶ 45.  Plaintiffs again allege damages including lost opportunity costs of having money held by defendant for a long period of time, and due to defendant charging amounts not authorized by the mortgage agreement.  Proposed Second Amended Complaint, ¶ 142.

The court permits plaintiffs to file their Proposed Second Amended Complaint, which adds more details to their factual allegations in response to defendant's motion to dismiss.  Plaintiffs have sufficiently stated and supported the elements of their breach of contract claims, and have succeeded in putting defendant on notice of their allegations in compliance with Fed. R. Civ. P. 8(a) and Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

II.  Michigan Regulation of Collection Practices Act, MCL 445.251

Plaintiffs allege willful acts in violation of the MRCPA, including communicating with a debtor in a deceptive manner, making inaccurate statements in a communication to collect a debt, and misrepresenting legal rights of the creditor or debtor in a communication with a debtor.  Proposed Second Amended Complaint, ¶ 147-48.  The allegations are further supported in the factual allegations section of the Proposed Second Amended Complaint.  See, ¶¶ 34-37, 51-100.  Plaintiffs allege damages of actual costs incurred in attempting to correct defendant's alleged violations of the MRCPA, as well as physical and emotional manifestations.  Proposed Second Amended Complaint, ¶ 153.  Alternatively, plaintiffs seek statutory damages for each violation of the statute.

Defendant argues that since many of plaintiffs' claims are for purported misrepresentations, they must be pled with particularity.  While defendant cites cases relating to common law claims of misrepresentation, there are no cases imposing such heightened pleading standards to an alleged violation of the MRCPA.

Plaintiffs have pled sufficient facts supporting their MRCPA claim.

III.  Real Estate Settlement Procedures Act, 12 USC 2605(e)

Plaintiffs allege two separate violations of RESPA: (1) upon receiving a qualified written request ("QWR") from plaintiffs, defendant failed to correct plaintiffs' account or provide them with a written explanation following an investigation; and (2) defendant improperly furnished information to a credit reporting agency within 60 days of receiving plaintiffs' QWR.  Proposed Second Amended Complaint, ¶¶ 158-167, as further supported in the factual allegation section of the complaint.  See, ¶¶ 101-122.

In its motion to dismiss, defendant argues that it properly responded to the QWR.  However, this is an argument more appropriate to a motion for summary judgment.  Defendant also argues that plaintiffs cannot establish damages caused by the purported violations of RESPA.  In their Proposed Second Amended Complaint, plaintiffs allege that their credit score dropped from 720 to 620 due to defendant's failure to correct its wrongdoing related to the QWR response, ¶ 120.  Plaintiffs further allege that the failure of defendant to properly respond exacerbated plaintiff's medical condition and caused additional health issues, ¶ 121.  Plaintiffs generally allege damage to their credit rating, denial of access to the full amount of a credit line, increases in insurance payments, and emotional distress, ¶ 167.

Plaintiffs' allegations of RESPA violations and damages comply with pleading requirements, as well as with the holding in Battah v. Resmae Mortgage Corp., 746 F.Supp.2d 869, 876 (E.D. Mich. 2010) (actual damages must be alleged which resulted from the defendant's failure to respond to plaintiffs' QWR).  Defendant will have an opportunity to investigate plaintiffs' allegations during discovery, as well as the opportunity to seek summary judgment as part of their motion practice.  The court,

however, does not find merit in defendant's motion to dismiss.

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss is DENIED.


Dated: January 3, 2012

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 3, 2012, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---